STICKNEY, Appellant, vs. BELL, Respondent.

*November 17—December 6, 1910.*

*Boundaries: Conflicting surveys: Evidence.*

The finding of a jury as to which one of two conflicting surveys established the true boundary line between the lands of the parties is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Juneau county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action for trespass. The plaintiff owns the northwest quarter of the northeast quarter of section 32, township 17 north, of range 2 east, in Juneau county. The defendant owns the southwest quarter of the northeast quarter of the same section. The alleged trespass arose out of a

dispute as to the true boundary line between these two descriptions, and the acts of trespass complained of consisted in the defendant's entering upon the disputed strip and cutting and removing timber therefrom and in his building a fence along what he claimed to be the true boundary line, and destroying the fence built by the plaintiff on what the latter claims to be the true boundary line. The amount of land involved is about one acre. Surveyors were employed by each of the parties to locate the true line. They disagreed only in one material particular, and that was the location of the southwest corner of the section. The surveyors employed by the plaintiff located this corner, substantially following the government field-notes, midway between the south quarter-post of section 32 and the south quarter-post of section 31, in the same township, both of these quarter-posts being known government monuments. The surveyor employed by the defendant located this section corner four rods and fifteen links north and six rods and four links west of the corner as established by the surveyors for the plaintiff, and justified his action in so doing on the ground that he found the original government corner and at least two of the bearing trees marked in connection therewith, and also that he found evidences of the two remaining bearing trees which had disappeared but the roots of which were still in existence and which answered the call of the government field-notes. The surveyors for each of the parties substantially pursued a like method in subdividing the section, and no fault was found with the manner in which the surveyor employed by the defendant did his work in this regard. The west quarter-post of section 32 could not be found. By locating the southwest corner of the section where he did, the defendant's surveyor located the south line of the defendant's land somewhat north of where such line was located by the surveyors employed by the plaintiff. The jury found, among other things, that the survey made by defendant's surveyor was correct, and judgment was

entered upon such verdict for the defendant, from which judgment this appeal is taken. The only error argued was that the evidence was not sufficient to sustain the verdict.

For the appellant there were briefs by *James A. Stone,* attorney, and *G. Stevens,* of counsel, and oral argument by *Mr. Stone.*

*J. T. Dithmar,* attorney, and *Daniel H. Grady,* of counsel, for the respondent.

BARNES, J. An examination of the record convinces us that there was ample evidence in the case to support the finding of the jury to the effect that the survey made by the surveyor employed by the defendant established the true boundary line of the strip of land in controversy. This being so, the judgment of the trial court must be affirmed. It would serve no useful purpose to recite such evidence.

*By the Court.*—Judgment affirmed.